**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1433**

R.J. INVESTMENTS, L.L.C.,

Plaintiff - Appellant,

and

MARIE E. ROBINSON; TERRI SORRELL; ENTERPRISE HOMES, INC.;
LACROSSE HOMES, INC.,

Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS FOR QUEEN ANNE'S COUNTY,
MARYLAND; ERIC S. WARGOTZ, M.D., in his personal capacity,
in his capacity as Board Member of the County Commissioners
for Queen Anne's County Maryland, and in capacity as
Sanitary Commissioner; COURTNEY M. BILLUPS, in his personal
capacity, in his capacity as Board Member of the County
Commissioners for Queen Anne's County, Maryland, and in his
capacity as Sanitary Commissioner; PAUL L. GUNTHER, in his
personal capacity, in his capacity as Board Member of the
County Commissioners for Queen Anne's County, Maryland, and
in his capacity as Sanitary Commissioner; GENE M. RANSOM,
III, in his personal capacity, in his capacity as Board
Member of the County Commissioners for Queen Anne's County,
Maryland, and in his capacity as Sanitary Commissioner;
CAROL R. FORDONSKY, in her personal capacity, in her
capacity as Board Member of the County Commissioners for
Queen Anne's County, Maryland, and in her capacity as
Sanitary Commissioner; QUEEN ANNE'S COUNTY SANITARY
COMMISSION,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:07-cv-01903-RDB)

---

Argued:  January 25, 2011                    Decided:  March 4, 2011

---

Before KING, AGEE, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam decision.

---

**ARGUED:** Anthony Gene Gorski, RICH & HENDERSON, PC, Annapolis, Maryland, for Appellant.  Victoria M. Shearer, KARPINSKI, COLARESI & KARP, PA, Baltimore, Maryland, for Appellees.  **ON BRIEF:** James J. Doyle, III, Warren K. Rich, RICH & HENDERSON, PC, Annapolis, Maryland, for Appellant.  Richard Colaresi, KARPINSKI, COLARESI & KARP, PA, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

R.J. Investments, L.L.C. ("R.J.") appeals from the judgment of the United States District Court for the District of Maryland in favor of the Board of County Commissioners for Queen Anne's County, Maryland ("the Board"), the Queen Anne's County Sanitary Commission, and the members of the Board of County Commissioners in their official capacities (collectively, "the Defendants") on its Fair Housing Act and Equal Protection claims. Finding no error, we affirm.

## I.

Queen Anne's County ("the County") is a rural agricultural county located on Maryland's Eastern Shore. To build on land in the County, a developer must demonstrate to the Board that the property can be adequately served by the County's water and sewer systems. Having executed a contract to purchase property in the County, R.J. applied for an amendment to the County's Comprehensive Water and Sewerage Plan which would allow R.J. to continue with the development process for the property. After two public hearings on the matter, the Board unanimously denied R.J.'s proposed amendment. In so doing, Board members expressed their concern that the existing water and sewage treatment facilities were insufficient to meet the needs of the proposed development.

3

Shortly thereafter, R.J.[1] filed suit, alleging, among other things, violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and the Equal Protection Clause under 42 U.S.C. § 1983. R.J. claims that by denying its proposed amendment, the Defendants negatively affected potential minority homebuyers and prevented the expansion of affordable housing. Following a four-day bench trial, the district court entered judgment in favor of the Defendants; thereafter, R.J. noted a timely appeal. We have jurisdiction under 28 U.S.C. § 1291.

II.

On appeal from a bench trial, "[w]e review a judgment . . . under a mixed standard of review — factual findings may be reversed only if clearly erroneous, while conclusions of law . . . are examined de novo." Roanoke Cement Co., LLC v. Falk Corp., 413 F.3d 431, 433 (4th Cir. 2005) (citing Williams v. Sandman, 187 F.3d 379, 381 (4th Cir. 1999); Scarborough v. Ridgeway, 726 F.2d 132, 135 (4th Cir. 1984)).

---

[1] Enterprise Homes, Inc., Reverend Marie Robinson, Terri Sorrell, and Lacrosse Homes, Inc. also were named plaintiffs in the suit. The district court, however, dismissed these additional parties for lack of standing prior to holding its bench trial; hence, they are not parties to this appeal.

III.

A.

We utilize the four-prong analysis set forth in Smith v. Town of Clarkton to evaluate Fair Housing Act claims advanced against governmental entities. 682 F.2d 1055 (4th Cir. 1982); see also Betsey v. Turtle Creek Assocs., 736 F.2d 983, 988 n.5 (4th Cir. 1984) ("[T]he Clarkton test has been applied only in situations where a public body is the defendant."). Pursuant to this inquiry, we assess:

> (1) how strong is the plaintiff's showing of discriminatory effect; (2) is there some evidence of discriminatory intent, though not enough to satisfy the constitutional standard of Washington v. Davis[, 426 U.S. 229 (1976)]; (3) what is the defendant's interest in taking the action complained of; and (4) does the plaintiff seek to compel the defendant to affirmatively provide housing for members of minority groups or merely to restrain the defendant from interfering with individual property owners who wish to provide such housing.

Clarkton, 682 F.2d at 1065 (quoting Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights, 558 F.2d 1283, 1290 (7th Cir. 1977), cert. denied, 434 U.S. 1025 (1978)("Arlington Heights II")).

R.J. contends the district court erred in applying each of the Clarkton factors.[2] For the purposes of this opinion, we

---

[2] As it does with its Fair Housing claim, R.J. argues with respect to its Equal Protection claim that the district court erred in concluding that it presented no evidence of discriminatory intent. As we conclude below, however, the district court did not err in so finding. Because "[a] violation
(Continued)

5

assume,[3] without deciding, that the district court erred in finding that R.J. failed to establish the Board's actions had a disparate impact on potential minority homeowners.[4] Of course, not "every action which produces discriminatory effects is illegal." Arlington Heights II, 558 F.2d at 1290. We therefore turn to the remaining Clarkton factors to evaluate whether the Board's denial of R.J.'s proposed amendment violated the Fair Housing Act.

---

[of the Equal Protection Clause] is established only if the plaintiff can prove that the state *intended* to discriminate," Sylvia Dev. Corp. v. Calvert Cnty., 48 F.3d 810, 819 (4th Cir. 1995)(emphasis in original), R.J. plainly fails to establish an Equal Protection violation. We therefore do not discuss the issue further.

[3] We note that our assumption is constrained by the evidence offered by R.J. at trial. It is clear from our review of the record that the district court did not err when it found that, if it were to accept the entirety of the evidence submitted by R.J., any showing of disparate impact would be minimal, at best. J.A. 2360. Thus, the outer limit of our assumption is that R.J. established a *minimal* disparate impact.

[4] R.J. further contends that the district court erred by admitting the testimony of Peter Scanlon, Director of Housing and Community Services for the County and the Executive Director of the County's Housing Authority, under Federal Rule of Evidence 701. Scanlon's improper testimony, R.J.'s argument goes, led the district court to find that R.J. did not establish a disparate impact. We need not address the issue here, however, because in resolving this appeal we assume without deciding that R.J. has satisfied the first Clarkton factor regarding disparate impact.

6

B.

Our review of the record indicates that the district court, at a minimum, did not err in applying the second and third Clarkton factors. The district court, as to the second factor, explicitly found "there is not a scintilla of evidence that the Board . . . acted with racially discriminatory intent. . . . [T]his Court finds . . . that the Plaintiff's case was based on conjecture and supposition." J.A. 2361–62. We have thoroughly examined the record and find the district court's conclusion to be amply supported by the record and certainly not clearly erroneous. Further, the district court did not commit clear error when it found that the Board's concern over the lack of sewer capacity presented a legitimate basis for denying R.J.'s proposed amendment. Moreover, we agree with the district court that the Board made its decision while acting within the scope of its authority. The record plainly supports the district court's conclusion that "the Board possessed a significant and legislative interest in exercising [its] legislative prerogative to protect and preserve the County's valuable sewer treatment resources . . . ." J.A. 2363.[5]

---

[5] Having concluded that the district court correctly determined R.J. failed to meet the second and third Clarkton factors, it is unnecessary to address the fourth factor, which the district court found did "not favor either party." J.A. 2363.

7

Thus, even assuming that R.J. established a minimal disparate impact, because the district court did not err in finding that R.J. failed to produce any evidence of discriminatory intent and the Board made its determination while exercising its legislative prerogative to preserve and to protect the county's sewer treatment resources, we agree with the district court that R.J. failed to establish a violation of the Fair Housing Act.

## IV.

For the foregoing reasons, the district court did not err in concluding that R.J. failed to establish a violation of the Fair Housing Act or the Equal Protection Clause. We therefore affirm the judgment of the district court.

AFFIRMED